UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEANGELO DON'VERGIL WINSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) No. 4:14CV1898 RWS |
| | ) |
| RICHARD GRAY, et al., | ) |
| | ) |
| Defendants, | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for appointment of counsel. The motion will be denied without prejudice.

There is no constitutional or statutory right to appointed counsel in civil cases. <u>Nelson v. Redfield Lithograph Printing</u>, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See <u>Johnson v. Williams</u>, 788 F.2d 1319, 1322-23 (8th Cir. 1986); <u>Nelson</u>, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time. Plaintiff alleges that he is Jewish and has been deprived of kosher meals because defendants have decided to stop ordering kosher food for the institution. And plaintiff has demonstrated that he is able to present his claims to the Court in an articulate manner.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice.

Dated this 12th day January, 2015.

*/s/ Rodney W. Sippel*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE