UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEANGELO DON'VIRGIL WINSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14 CV 1898 RWS |
| ) | |
| RICHARD GRAY, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

On March 3, 2015, Defendants filed a motion to dismiss Plaintiff DeAngelo Don'Virgil Winston's complaint for his failure to provide Defendants with the discovery disclosures required by my order of January 12, 2015. On March 4, 2015, I issued an order directing Winston to respond to the motion and state why his case should not be dismissed for failing to comply with my order of January 12, 2015.

On March 12, 2015, Winston filed a request to continue the case management order. In that motion Winston asserts that he has been unable to conduct legal research and he has been denied access to a copier and a typewriter. This motion does not address why he failed to comply with the discovery disclosures mandated by my order of January 12, 2105. On March 13, 2015, Winston filed an amended complaint attempting to add two additional pro se plaintiffs. The amended complaint is improper because it attempts to add

additional pro se plaintiffs who are seeking to proceed in forma pauperis. See Georgeoff v. Barnes, 2009 WL 1405497 *1 (E.D. Mo. May 18, 2009 ).

On March 16, 2015, Winston filed a motion for a continuance of this case which was does not address why he failed to comply with the discovery disclosures mandated by my order of January 12, 2105. On March 26, 2015, Winston filed a motion for injunctive relief which seeks relief beyond the scope of Winston's complaint.

Winston's claim in his complaint is very straightforward. He alleges that he is being denied kosher meals in violation his rights to free exercise of religion under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C § 2000cc, et seq. Instead of complying with the January 12, 2015 order of this Court to provide discovery to Defendants, Winston has chosen to file frivolous motions in this case. Winston does not need a typewriter or legal research to provide the ordered discovery. By his filings subsequent to Defendants' motion to dismiss, Winston has shown he had the ability and postage to provide the discovery required by my order of January 12, 2015. He has failed to do so without good cause. As a result, I find that Defendants' motion to dismiss should be granted for Winston's failure to produce discovery as ordered.

I note that Defendants have represented in an April 2, 2015 filing that Winston has been receiving three kosher meals a day. Winston has not disputed this assertion.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants' motion to dismiss [#19] is **GRANTED**.

**IT IS FURTHER ORDERED that** Plaintiff DeAngelo Don'Virgil Winston's motion to request a continuance [#22], motion to amend [#21], motion requesting a continuance [#23], and motion requesting injunctive relief [#29] are **DENIED**

**IT IS FURTHER ORDERED that** Defendants' motion to strike [#24] is **DENIED** as moot.

                                          RODNEY W. SIPPEL
                                          UNITED STATES DISTRICT JUDGE

Dated this 29th day of May, 2015.